Alexander B. Wathen for the appellant Mohamed Chaudhry may it please the court I'd like to reserve four minutes for rebuttal all right there you have the clock right there and I'll also try to help you thank you your honor um this is of a case of a disabled veteran who served in the United States Armed Forces who has zero criminal history in the United States the the slight criminal history that involved in Australia was so far away that it goes beyond the one-year look-back period under the military naturalization statute the only way that the government can claim relevancies by using statements made during various immigration interviews in order to create a perception of misrepresentation and thereby render mr. Chaudhry ineligible by claiming that he fails to have good moral character the application for citizenship was filed on April 4th 2004 so the only period of relevancy starts one year before that in April 2003 and of course does continue while the applications processed particularly the government discusses well in its evidence has materials from interviews in 2008 2009 and 2007 and of mr. Chaudhry and his summary judgment evidence indicated that he was subject to lengthy questioning in all of these and that he suffered from post-traumatic stress disorder that he's had nightmares and medications and and also generally that he may have memory lapses or been mistaken and he went into quite detail that I would not necessarily call this conclusory in addition for the 2007 interview the May 30th or 31st 2007 when he and mr. Chaudhry puts in his statements and declarations that he was subject to duress. When was the first time he brought up that somehow he couldn't be held accountable for his interviews because his memory was so bad he couldn't remember what he remembered? Yeah your honor I don't recall exactly the first time it would have certainly been at the very latest in the district court since the application was denied administratively and it had to go to de novo review before the district court I can find that out. Did he ever did he ever make that statement during the time of the interviews 2007 2008 2009? I don't believe so but I'm not sure of course generally when someone's interviewed it presumably either during the course of an application or I think in this case some of them may have been when he tried to re-enter the country and was detained by the by the the immigration and customs those don't really represent a person's best statement presumably anyone who's detained is is worried about it and is not in control of the case that suggests we should throw it out for that reason. No in fact I'm not arguing that the court should throw it out but what I am arguing is that that is why it's an issue that depends on the credibility of the witnesses and that's why I should ask you about one specific item that I think was has to do with the use of other names and it seems that there's no dispute effect that he had used this other Zaid name on more than one occasion I think in Australia and otherwise and the statement that he filled out for naturalization based on military service was within this one year period and he said no he never used any other names. Can you really can you speak to that and how that evidence should be evaluated? I don't have obviously I don't have all the record at my tip of my fingers but it there was one instance when there was a question about whether a form was checked or not by Mr. Chowdhury whether a box was checked by Mr. Chowdhury or somebody else I think there's evidence of a forensic handwriting expert but I I don't know for sure if that speaks to that particular thing now regardless. I think the checkbox had to do with the police reserve this was specifically he does not contest as best I can tell that he did attempt to enter Australia using the name Zahid Mian or something like that and that's not something he disclosed during any of the interviews his his declaration submitted to the district court appears to suggest not that he didn't do it but that he didn't say anything about it during the interviews because he didn't remember it and it's the same declaration that talks about my memory's bad I've got problems I don't remember what happened last week and I think it's something the district court alludes to and saying well to say that I don't remember so I didn't do it begins to sound like speculation he's not remembering that he did not disclose that that he made a statement which he acknowledges to be false because he didn't remember the prior episode but can you have or did he profess to have an affirmative memory of not saying because he didn't remember at that time or is he simply saying well that was then and this is now and okay I didn't I said something false at the time but that's because I didn't remember and does that is that is that testimony can you say well I must not have remembered because I wouldn't have been dishonest which appears to be what his declaration says I think what he's trying to say is that that was an honest mistake and that's something only when you observe the demeanor of a witness on the witness stand it's only then a fact finder can really decide whether to accept or reject those claims and obviously that's the one of the most troubling aspects of the case for Mr. Chowdhury is the issue of the name that that's something that the district court should have held a trial to determine they may have believed him they may have not but it at the very least Mr. Chowdhury's entitled to have a district court weigh his credibility and decide whether they accept it that just can't be decided on paper and that's the best argument I can make in response to that well in the thing is that he this form that he filled out April 4th 2004 about none of he'd never used any other names he says no when he's talked about have you ever been arrested that's when he does say he had this fraud conviction and then he makes a little statement I would call an explanation of that and he signed that so I'm having some trouble in light of that how a post-declaration you know some seven eight years later can undo that when when his declaration doesn't really speak to that well it doesn't have a great detail I would imagine that any like any form a person who's not a professional any field fills it out as best they can but of course he wasn't trying to hide his his what happened but Mr. Chowdhury's understanding was that he was not not put in put in prison he was not he didn't think he was convicted he didn't quite understand what it means when you're not punished and I think that has to be determined by a fact finder if his understanding is credible well it doesn't say he says well I haven't used somebody else's identity that's not the question the question is do you ever use another name and the fact is he that seems undisputed so that's where you know I'm just trying to understand I am I'm very sympathetic to his explanation I'm just trying to understand how it fits with evidence so what do we do with the fact that it seems undisputed that he did use another name and that that was repeated on more than one form and that was one of the bases that the USCIS used just so maybe you can tell me where I go from there to his affidavit or elsewhere on his behalf I could submit a rule 28 letter with more detailed references if that's well no I mean if it's not in his affidavit then we're pretty well stuck with the evidence as you know and I you're also stuck with the evidence it's not like you could go in and help shape this argument I'm not saying you would shape the facts but you couldn't shape this argument at the outset I understand that let me ask you this if if it's determined that there's no question of fact really with respect to use of another name is there any other basis to overturn the district court's order well I think that with respect to that it would have to be with a specific intent of well I think there's some argument whether that that rises to specific intent there is another basis to that one I'd like to cover that in a moment I was recently made aware of an additional base the ACLU of Southern California is has filed a lawsuit that applications for naturalization by people from Muslim countries such as Pakistan even though mr. Chowdhury is not a Muslim himself he's from Pakistan that those were delayed and and he may and I'm considering submitting a rule 28 J letter on that that he may be entitled to have discovery of whether his application was unduly delayed or he was targeted for that of course at this point it's premature to say that if he was specifically impacted but that would be an additional basis to reverse to allow him to to do that even though I think that the the existing basis regarding genuine issue material factor are so good alone that I wouldn't want to spend too much time on on that lawsuit but I think that's an additional basis just to make sure that the justice system produces the best possible outcome that that's a prudent thing to do to remand to allow that type of discovery to see you want to save the remaining time oh I would please all right may please the court your honors Craig Defoe here for the United States government the Apple ease in this case runners in the words of the district court a disturbing pattern of deceit for immigration related purposes permeates this case the undisputed evidence support that and I asked this court to affirm the district courts grant of summary judgment in favor of the government on mr. Chowdhury's naturalization claim because the evidence shows that he cannot establish the good moral character necessary to become a United States citizen your honors are correct there is no factual dispute that mr. Chowdhury on three separate occasions gave false testimony when he denied having used any other names and that's really the key to the case the key to finding that he lacks good moral character but the only question here is whether or not mr. Chowdhury had the state of mind necessary which is to say that whether or not he gave that false testimony deliberately and with the intent to gain immigration per game integration benefits and I would suggest that the circumstantial evidence surrounding that false testimony establishes that there is only one reasonable conclusion to draw which is that mr. Chowdhury gave that false testimony deliberately and with the intent to gain immigration purpose gain immigration benefits and to really understand all the circumstances I think one of the most important points is that this is not an isolated incident of mr. Chowdhury giving false information to the United States government or even to the Australian government I had a question about that we we have to go back one year from his application to is it to 2004 is that the beginning year or three two thousand April 2003 exactly that's the one year beginning time in your view can you use any information before that time to establish intent or does everything have to be from that date forward absolutely you can use information before that time to to establish the context and the circumstances of the testimony that that occurred within the period so that's clear from the regulation and also the the statute and this court has addressed that before and I think Santa Maria the Santa Maria Ames is a case in which it's very similar circumstance where as long as the events that occurred prior to the to the period bear on what happens and what happened in the period then the court is free to consider all of the previous events and actions of the defendant in that way you can consider them but if if it's the same misrepresentation and he says for example with the name he's misunderstanding he's thinking nickname or or identity but not actual name does that raise a factual issue given his claimed stress that he's talking about it does not your honor because the key questions here is here is what was mr. Chowdhury state of mind at these interviews in 2007 2008 and 2009 now he submitted the the declaration where as your honor mentioned he claims at at the point in time when he gave the nicknames and what people call me well the issue isn't what what mr. Chowdhury thinks the question means at the time he gave this declaration the issue is what was his state of mind at the time he gave the false testimony at these interviews and if if you look at the interviews two of them there's video recordings of and we have essentially a transcript of two of them as well and documentary evidence third he unequivocally denies ever having used any other names there's no confusion in his answers there's no suggestion that he might not remember having used another name and so when you look at his unequivocal testimony there that obviously lends support to the fact that this was intentional and deliberate false testimony in which which interview date are you looking at well there's three separate interviews that are additional those are the seven eight and nine interviews exactly yeah so my question then is he says look I I went into the military I never got to go to Iraq because I had this terrible back situation end up in a wheelchair I take all these medications so I I'm not in a state of mind where I could have done it willingly or knowingly and then the question becomes is that enough to raise an issue of fact now I realize if this went back of course it would go back before the same judge but leaving that aside is that is there enough to raise an issue of fact that is not enough to raise an issue of fact because again these explanations and excuses that we've gotten from mr. Chowdhury they've come after the fact he's offered speculation and these post hoc rationalizations for why he he must have been innocently providing false testimony but he also admits that his memory is terrible in that declaration he says he can barely remember what happened the week before much less years prior and so that suggests that mr. Chowdhury couldn't have created a key factor worth noting is that on each of these occasions the 2007 the 2008 the 2009 interviews mr. Chowdhury doesn't make excuses for this question for lack of memory and in fact he testifies at length regarding events that occurred well before the Zahid Mian fraudulent passport incident he testified regarding his 1996 fraud convictions in Australia and he offers a variety of different excuses as to why he didn't commit those fraud crimes and as to why he pled guilty even though he didn't allegedly know what pleading guilty meant but that shows that this these claims of faulty memory are really too it shows that he he has the memory to make excuses about the things that he was confronted on the key to the Zahid Mian passport incident is that the immigration authorities didn't even know that that incident occurred during these interviews so they weren't able to press him on it we learned about that in discovery and obviously the the documentary evidence proves it beyond a doubt and there's there's no dispute that in August of 2000 mr. Chowdhury used this fraudulent Zahid Mian passport to attempt to enter Australia he was caught he was detained for about a week he was questioned he eventually admitted to his true identity and that led to his permanent departure from Australia so this was a significant incident this is not the sort of thing that you would easily forget he was in detention for around a week in Australia and then about two weeks later that's when he came to the United States for the first time and it's worth noting that when the way mr. Chowdhury was able to come to the United States was through two separate visa applications that were granted but mr. Chowdhury provided false information on those visa applications he never disclosed those fraud crimes in Australia and that's how he's able to get those granted when he came here he was here on a tourist visa but despite not having work authorization evidence shows that he started working without authorization now all of this happened before April 2003 is that correct that's correct these events that I'm discussing and you started by quoting accurately I think from what the district court said reflecting a was a disturbing pattern of all of this sounds like a general assessment of Mr. Chowdhury's credibility but can a trier effect make that kind of assessment on summary judgment before the the mr. Chowdhury this case the applicant has had an opportunity to testify and and try to demonstrate to the court that he's credible your honor I wouldn't characterize this as an assessment of the circumstances surrounding the false testimony to see whether or not there is a reasonable inference to be drawn in mr. Chowdhury's favor and the circumstances show that there is no reasonable inference to be made and that's exactly what the district court found so that's part of the reason why it's it's perfectly lawful for the court to look at the entire set of which Mr. Chowdhury has been seeking immigration benefits in the United States we know that his repeated provision of false information really bears a great amount of consideration here when evaluating whether or not he might have had an innocent state of mind so I think that's a key factor and that sounds to me like a statement that says the court has decided this person's not credible he's got this pattern so whatever excuse he comes up with now I'm really not prepared to listen to because I don't believe it isn't that a credibility assessment again your honor I wouldn't characterize it as a credibility assessment in fact this is very similar if not sort of an identical situation as to what the Ninth Circuit considered in FEC versus Toledano in that case as here the judge was the trier fact in that case as here there was a question as to whether or not the defendant had adequately created a genuine issue of material fact regarding his state of mind but the campaign finance case yes in that case the district court ruled without a trial and found that the circumstantial evidence and in the Ninth Circuit affirmed finding that circumstantial evidence was key to determining whether or not there was a genuine issue of material fact and ultimately the Ninth Circuit affirmed the grant of summary judgment despite the fact that the defendant there as Mr. Chaudhry has here has claimed claimed memory lapses and in the words of the the Ninth Circuit conclusory protestations of innocence that's exactly what we have here we have these conclusory excuses for Mr. Chaudhry to try to explain away his false testimony and we have these convenient memory lapses which he claims occurred at the time and so following what the Ninth Circuit did in FEC versus Toledano I think that's this case falls exactly within that that line of cases and in fact there's another additional point worth noting here which is that the substantive evidentiary standard is relevant here the burden is on Mr. Chaudhry to prove good moral character by clear and convincing evidence because he's seeking naturalization the Supreme Court held in Anderson v. Liberty Lobby that when evaluating summary judgment the substantive evidentiary standard is something that's relevant and to be taken account of here so given the fact that this is not a mere preponderance case Mr. Chaudhry has an even greater burden which is clear and convincing evidence that shows that summary judgment is even more appropriate here and briefly to address what opposing counsel mentioned there's no reason to into the allegations that may be found in a completely separate case this is a de novo proceeding Mr. Chaudhry had the de novo proceeding in district court and this is it is it this is his appeal from that case and so there's absolutely no basis to remand for discovery into speculative claims that he never has once made in this case if your honors don't have any other questions it appears not thank you thank you your honors with respect to the the Toledano case I think that the proposition that that can be said to stand for best described as lack of memory is not sufficient to withstand summary judgment to negate lack of bad faith and we have here's a little bit different situation where where there were statements initially made and the the in this case the declarant Mr. Chaudhry is indicating that the lack of memory and the other issues that goes to to whether I was mistaken there it doesn't it's not simply the situation in Toledano where it says I can't remember therefore I cannot have bad faith and the the that I think is the most significant difference I can see with the Toledano I'm having a little trouble understanding the difference well the the essentially Mr. Chaudhry is is in a way trying to him impeach his own his own statements and of course the US Supreme Court in the Congress case indicated that that false testimonies and testimonies limited to oral statements but to the extent these are oral statements then then then Mr. Chaudhry is essentially in a sense he's impeaching himself but he's because he's saying well at the time I was mistaken or I was under duress or the other circumstances so what I said was I was susceptible to making mistakes and it's also reasonable to argue that lack of memory doesn't mean you don't remember anything past a certain day typically it's very possible that lack of memory comes out different in different things and maybe somebody who's functional would presumably remember most things happen but may not remember everything and certainly may not remember in certain settings and these are things that the court said in Toledano that the district court was entitled to draw about the state of mind based on the suspicious memory lapses and the undisputed evidence presented by the government so Toledano suggests that you couldn't do that in a summary judgment context. I think maybe that's a case of bad facts makes bad laws and so the inferences have to be drawn in Mr. Chaudhry. Well that was a summary judgment case also. That's one of the problems but the best argument I can come up with is that well there are negative inferences that can be drawn but since the court is required to draw the most favorable inferences to Mr. Chaudhry that would create a genuine issue of material fact if even if the negative ones are drawn as well so I think that is exactly what a genuine issue of material fact is when there are various and more than one inference that can be drawn from from testimony. I see that I'm a little bit short of time I hope that answers your question. It does, thank you very much. I think also that the Santa Maria Ames case is somewhat distinguishable and that involves a number of criminal convictions in the United States long criminal record one of the reasons for the one-year look back period only would presumably be that that Congress and and the federal government believes that military service changes people's lives and it builds character and that past events should be de-emphasized and if if the I see that my time is up but if the government were to be allowed to import the past things and get around that that would defeat the purpose. Thank you, your honors. Thank you. The case just ordered Chaudhry versus Napolitano is submitted. I would like to thank you Mr. Waltham for your participation in the court's pro bono program. It's very helpful to court to have organized briefing on these issues. I know that Department of Justice also appreciates that and we appreciate your coming Mr. Defoe and your argument this morning. The case is submitted. Thank you. Thank you, your honors.
judges: Hawkins, McKeown, Clifton